Turley, J.
delivered the opinion of the court.
The only difference between this case and the one heretofore determined between the same parties at the present term of the court, is in this: In the present, the judgment rendered on motion in favor of the State is for a false return; in the other it was for a non-return. All the argument of the one as to the position of the State as plaintiff in the execution, and as to the rights and powers given by law as such, is equally applicable to both; and the only question is, whether a plaintiff in an execution can recover a judgment on motion against a sheriff, coroner or other collecting officer, for a false return upon an execution.
The act of 1835, ch. 19, settles the question. It provides, “That if any sheriff, coroner or other officer has failed, or shall hereafter fail, to make due and proper return of any execution from any court of record in this State, and to him directed, and received by him; or has failed or shall hereafter fail to pay over the money on any execution, after the same is or shall be returned satisfied, in whole or in part, or making false or fraudulent return; such sheriff, coroner or other officer, and his sureties, shall be liable to a motion in the Circuit Court of the county from which the execution issued, and judgment shall be rendered against them for the amount due upon said execution, or for the amount collected by such sheriff, coroner or other officer, *519 with interest thereon, together with twelve and one half per cent, damages.”
This statute gives the remedy by motion in all cases of false return, and equally protects the State and private individuals.
Let the judgment be affirmed.